Argued and submitted April 14, ballot title certified April 30, 1998

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Steve BERMAN
and Andrew Heywood,
*Intervenors.*

(SC S45083)

957 P2d 155

Michael W. Mumbach, Portland, argued the cause on behalf of petitioner. On the petition was Gregory W. Byrne, of Byrne & Associates, P.C., Portland.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause on behalf of respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

James S. Coon, of Swanson, Thomas & Coon, Portland, argued the cause and filed a memorandum on behalf of intervenors.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.

DURHAM, J.

### DURHAM, J.

Petitioner is an elector who seeks review of a ballot title that the Attorney General certified to the Secretary of State. ORS 250.085(2); ORS 250.067(2). Petitioner timely submitted written comments to the Secretary of State regarding the Attorney General's proposed ballot title. ORS 250.067(1). Therefore, petitioner is entitled to seek modification of the ballot title in this proceeding.

The measure, styled the "Defense of Democracy Act" by the chief petitioners, who are intervenors in this proceeding, generally would require that, if a proposed measure would impose a greater-than-majority vote requirement for voter approval of a change in law or government action, the measure itself must be approved by the same greater-than-majority vote.[1]

The Attorney General certified the following ballot title for the measure:

"AMENDS CONSTITUTION:  MEASURES PROPOSING SUPERMAJORITY VOTING REQUIREMENTS REQUIRE SAME SUPERMAJORITY FOR PASSAGE

"RESULT OF 'YES' VOTE:   'Yes' vote allows passage of greater-than-majority voting requirements only by equally large majority.

---

[1] The measure provides:

"DEFENSE OF DEMOCRACY ACT

"The following section is added to and made a part of the Constitution of the State of Oregon:

"(1) Any measure that includes any proposed requirement for more than a majority of votes cast by the electorate to approve any change in law or government action shall become effective only if approved by at least the same percentage of voters specified in the proposed voting requirement.

"(2) For the purposes of this section, 'measure' includes all initiatives and all measures referred to the voters by the Legislative Assembly.

"(3) The requirements of this section apply to all measures presented to the voters at the November 3, 1998 election and thereafter.

"(4) The purpose of this section is to prevent greater-than-majority voting requirements from being imposed by only a majority of the voters."

"RESULT OF 'NO' VOTE: 'No' vote allows simple majority to pass measures that impose greater-than-majority voting requirements.

"SUMMARY: Amends constitution. Measures including a requirement for more than a majority of votes cast by the electorate to approve any change in law or government action would become effective only if approved by at least the same percentage of voters specified in that proposed voting requirement. For example, a measure imposing a 2/3 majority voting requirement to change law would require a 2/3 majority to pass. Applies to initiated, referred measures presented to voters on or after November 3, 1998, including measures on same ballot."

On review, this court determines whether the Attorney General's ballot title substantially complies with applicable legal requirements. *See* ORS 250.085(5) (stating standard of review). Petitioner argues that the Attorney General's caption and result statements do not comply substantially with legal requirements, because they fail to disclose what petitioner describes as the measure's "retroactive" effect. Petitioner points out that the measure, if supported by sufficient signatures, will appear on the November 3, 1998, ballot and, if approved, will apply to other measures that appear on the same ballot. Petitioner acknowledges that the summary mentions that effect, but asserts that the reference appears "only at the end, where it is likely to be overlooked." He does not challenge the Attorney General's summary.

The caption must reasonably identify the subject of the measure in not more than 10 words. ORS 250.035(2)(a). The "yes" result statement must identify "the result if the state measure is approved." ORS 250.035(2)(b). The "no" result statement must identify "the result if the state measure is rejected." ORS 250.035(2)(c). For the reasons that follow, we are satisfied that the Attorney General's caption and result statements satisfy those statutory requirements.

First, we reject petitioner's claim that the measure applies retroactively. On the contrary, it applies to measures that accompany it on the ballot and to any others that may be approved in the future. The measure's potential effect on other measures that may appear with it on the same ballot is

a contemporaneous, not retroactive, application. For that reason, petitioner's objection is not well taken.

Second, the Attorney General's caption and result statements adequately describe the measure's subject matter and the results of approval or rejection of the measure, respectively. We are satisfied that those elements of the ballot title need not refer to the measure's contemporaneous application to other measures that may appear with it on the same ballot in order to comply substantially with ORS 250.035(2)(a), (b) and (c).

After considering petitioner's challenges, we conclude that the Attorney General's certified ballot title substantially complies with the requirements of ORS 250.035(2). Accordingly, we certify the Attorney General's ballot title to the Secretary of State without modification.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).